Gao v. Barr

BIA
Vomacka, IJ
A206 289 438

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> PETER W. HALL,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

YUSEN GAO,
> *Petitioner,*

v.                                                 17-3984
                                                   NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Mouren Wu, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Nancy E. Friedman, Senior
                         Litigation Counsel; Sharon M.
                         Clay, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yusen Gao, a native and citizen of the People's Republic of China, seeks review of a November 27, 2017, decision of the BIA affirming a March 2, 2017, decision of an Immigration Judge ("IJ") denying Gao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yusen Gao,* No. A 206 289 438 (B.I.A. Nov. 27, 2017), *aff'g* No. A 206 289 438 (Immig. Ct. N.Y. City Mar. 2, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d at 196-97. "In determining whether the applicant has met [his] burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). The agency did not err in determining that Gao failed to corroborate his claim.

Although the BIA assumed credibility, the agency may require corroboration of even credible testimony. *Id.* And the agency properly identified the missing evidence. *See Chuilu Liu*, 575 F.3d at 198–99. The agency noted that Gao failed to document his testimony that he received medical treatment at a clinic for injuries sustained in detention, he could have presented letters from his parents or friends in

China to corroborate that he attended a Catholic church in China or had problems with the government, and he did not present evidence or call witnesses to confirm his church attendance in the United States.

Gao did not establish that the evidence was unavailable. *See id.* at 198; *see also* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."). The IJ was not required to accept Gao's explanation that he could not obtain a report from a clinic in China because Gao made no attempt to obtain such evidence. *See* 8 U.S.C. § 1252(b)(4); *cf. Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)). Furthermore, Gao admitted that he was able to obtain letters from his parents and a friend and that his father could have written a letter earlier. Gao also testified that he had friends, with whom he attended church, but except for stating he wanted his priest as a

4

witness, he did not explain why his friends did not provide letters or testify on his behalf.

Gao did not present any documentary evidence other than identity documents, news articles and reports about conditions in China, and a U.S. tax return. These documents did not corroborate that he was a practicing Catholic or that he was detained and harmed in China.

Accordingly, because a reasonable fact-finder would not be compelled to conclude that Gao was unable to obtain evidence that he was detained and harmed by the Chinese government and that he attended Catholic churches in China and the United States, the agency did not err in denying relief on this basis. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 196–98. This finding was dispositive of asylum, withholding of removal, and CAT protection because all three claims were based on the same factual predicate. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>

5